## SCHERMER v. GENDT.

VERDICT: SUFFICIENCY OF EVIDENCE.

*Appeal from Muscatine Circuit Court.*

### MONDAY, DECEMBER 8.

THIS is an action to recover damages for a personal injury. It is averred in the petition that the defendant is the owner of a meat market and butcher shop, and that he employed the plaintiff to repair an ice-box situated in said shop; and that in the course of his employment, and while attempting to get upon the said ice-box for the purpose of repairing the same, plaintiff slipped and fell, without any negligence upon his part, and in falling struck upon the knives of a large sausage-cutter, weighing several hundred pounds, which, through the carelessness and negligence of the defendant, was left lying near said ice-box with the knives exposed; that plaintiff's arm and wrist were so severely cut by the knives of said sausage-cutter as to disable him for life.

There was an answer in general denial, and also alleging that there was contributory negligence upon the part of the plaintiff.

Upon a trial by jury a verdict was found for the plaintiff. A motion for new trial was overruled, and judgment was rendered upon the verdict. Defendant appeals.

*Cloud & Cloud*, for appellant.

*Hoffman, Pickler & Brown*, for appellee.

ROTHROCK, J.—It is doubtful whether the errors are assigned with the required exactness. But as there is but one question presented, and that is whether the verdict finds sufficient support in the evidence, we will pass the question made as to the assignment of errors by counsel for appellee, and dispose of the case upon its merits.

It must not be forgotten that this court is not a tribunal for the trial of law actions *de novo*. It is, therefore, useless to argue that a verdict is not supported by a preponderance of evidence. We cannot disturb the verdict unless it is so barren of support in the evidence as to warrant the finding that it was the result of passion or prejudice. In the light of the rule which has been so often announced, we cannot say as matter of law that the plaintiff was not entitled to recover. There was evidence tending to show that he was engaged in repairing the ice-box one day and part of another day. Upon the first day he observed the sausage-cutter, with its knives turned upward, close by the ice-box where he was at work, and something being said about it to the defendant plaintiff moved it into such a position that the knives were down. On the next day, when about finishing the work, he went near to the cutter and stood upon a bench, and while engaged in planing he fell upon the cutter, which had been turned with the knives up, and thus received his injury. He supposed the knives were

turned downward, as he had left them the day before, and therefore did not look to assure himself that there was no danger. Plaintiff testified that "it was tolerably dark in the room." We do not say that this is the substance of the evidence without conflict, but that there was evidence from which the jury may have found the foregoing facts.

Counsel for appellant insists that there was the same necessity for plaintiff to have been on the alert for danger as applies to one crossing a railroad track. But the circumstances are different. A person about to cross a railroad track must be required to apprehend the danger consequent upon an approaching train. In this case there was nothing to excite apprehension of danger. The knives were turned downward the day before, because they were thought to be dangerous, and this the defendant knew. The plaintiff, therefore, was not put upon his guard to look for danger which he had no reason to suppose existed. The judgment must be affirmed. Plaintiff presents a certified copy of the supersedeas bond, and moves for a judgment thereon in this court. Judgment will be entered in accord with the motion.

AFFIRMED.